UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CAITLYN KOFFARNUS,                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 3:15-CV-00473-CRS

UNITED STATES OF AMERICA,                                                                         DEFENDANT

Memorandum Opinion

I. Introduction

In a previous opinion, the Court found that the Army Board for the Correction of Military Records' (the "Board") decision to deny Caitlyn Koffarnus's final appeal for traumatic injury benefits was arbitrary and capricious. Mem. Op. 16, ECF No. 21. The Court granted summary judgment to Koffarnus and vacated the Board's decision. Order, ECF No. 22. The Court remanded to the Board for proceedings not inconsistent with its opinion. *Id.*

Koffarnus now moves for an award of attorney fees and costs under the Equal Access to Justice Act. Pl.'s Mot., ECF No. 25. The Court will grant the motion in part. The Court will award Koffarnus $3,660.10 in fees and $330.00 in costs, for a total award of $3,990.10.

II. Koffarnus's motion for attorney fees and costs

A. Eligibility for a fee award

In general, the Equal Access to Justice Act provides an avenue for a party to recover its attorney fees and costs after a successful suit against the United States. The statute says,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the

1

> United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Eligibility for a fee award requires:

> (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).[1] The government's position is substantially justified when the position is "'justified in the substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Court need only make a single finding that the Government's position was not substantially justified. *Jean*, 496 U.S. at 160. The burden is on the Government to establish its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Just because the Government loses a case does not mean that its position was not substantially justified. *Id.* at 415.

The United States argues that its position was substantially justified in fact and law. The United States argues, "Even if the [Board] failed to adequately explain its rationale they were substantially justified in fact and law for reaching the decision they did." Def.'s Resp. Opp. 5, ECF No. 26. Then, the United States argues, "Although the Court found the [Board's] decision to be arbitrary and capricious, that does not mean the [Board's] judgment call that plaintiff was not incapable of performing at least two [Activities of Daily Living] for a minimum of thirty days was unreasonable based on the record." *Id.*

---

[1] Although the plaintiff cites the Equal Access to Justice Act, she spends the majority of her motion analogizing her claim for attorney fees to the fee-shifting principles in ERISA litigation. The fee-shifting principles in ERISA litigation do not apply to attorney fees sought under the Equal Access to Justice Act.

2

The Court disagrees. These arguments ignore the Court's explicit findings in its previous opinion. The opinion said: "The Court finds that the Board's decision to deny Koffarnus's final appeal was arbitrary and capricious because the decision ran counter to the evidence presented, and the Board entirely failed to consider the important aspects of Koffarnus's claim." Mem. Op. 16 (internal citations omitted).

The Court did not base its finding of arbitrary and capriciousness on the Board's failure to adequately explain its rationale, as the United States suggests. Rather, the Court concluded that the Board's decision ran counter to the evidence Koffarnus presented, and the Board failed to consider a vital aspect of Koffarnus's claim: the opinions of her medical professionals and her spouse's corroborating statement. Contrary to the United States' suggestion, these findings imply that the Board's denial was unreasonable based on the record. Therefore, the Court finds that the United States did not meet its burden in showing its position was substantially justified.

The Court finds that Koffarnus is eligible for a fee award under the Equal Access to Justice Act. Having found eligibility, the Court will now discuss what fee to award.

B.  Whether an exception applies to the statutory rate

1. Attorney fees

The Equal Access to Justice Act provides, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(D)(2)(A).

The phrase "limited availability of qualified attorneys for the proceedings involved," refers to attorneys who have "some distinctive knowledge or specialized skill

3

needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Pierce v. Underwood*, 487 U.S. 552, 572 (1998). "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence—in addition to their attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*.

In her motion, Koffarnus argues for an enhanced fee of $425 per hour for attorney work, and $125 per hour for paralegal/associate work. Pl.'s Mot. 11.

Koffarnus argues that attorney Jay Jagdfeld has distinctive knowledge and skill in litigating a servicemember's traumatic injury claim, has knowledge of the applicable procedures and lengthy process, and has received favorable outcomes for most of his clients in the Western District of Kentucky. Pl.'s Reply Supp. Mot. 6 – 8, ECF No. 27.

Koffarnus has not met her burden of showing that a special factor supports an attorney fee that is over three times higher than the statutory rate. *Bryant* requires that plaintiffs produce "satisfactory evidence" beyond attorney affidavits to support a fee enhancement. 578 F.3d at 450. The only evidence Koffarnus has provided to this effect are analogies to ERISA fee rates of $425 to $538 and $400 for attorneys in Cincinnati and Grand Rapids, Michigan, respectfully. Pl.'s Mot. 11.

These analogies fall far short of meeting Koffarnus's burden. First, in ERISA litigation, "the court, in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In contrast, the Equal Access to Justice

4

Act prohibits the Court from awarding a rate higher than $125 unless the court determines that the cost of living or another special factor justifies a higher rate. *See* 28 U.S.C. § 2412(d)(1)(D)(2)(A). Second, Koffarnus has provided no evidence of appropriate market rates in the Louisville area or the Western District of Kentucky as a whole. Third, Koffarnus has not shown that Jagdfeld's litigation and procedural knowledge of traumatic injury benefit claims meet the "distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." *Pierce*, 487 U.S. at 572. Altogether, the Court finds that no special factor applies to support a fee enhancement above the statutory rate.

As an alternative argument raised for the first time in her reply, Koffarnus moves the court for post-trial discovery to develop supporting evidence on the complexities of traumatic injury benefit litigation. *Id.* at 8 – 10. "The court of appeals has said that it is improper to raise an issue for the first time in a reply as it prevents the nonmoving party from having a fair opportunity to respond." *South Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, 2016 WL 270459 *1, *5 (W.D. Ky. Jan. 21, 2016). Even if Koffarnus properly raised the issue, she has provided no compelling reason for the Court to allow post-trial discovery. The Court will deny Koffarnus's alternative motion for post-trial discovery.

The United States objects to a fee award related to Jagdfeld's motion for admission to the Western District of Kentucky *pro hac vice*. "The cost of becoming a member of a court's bar or, as in this case, being granted leave to appear *pro hac vice*, is a personal expense that an attorney should bear himself." *Ray Burton v. Covin*, 2015 WL 350386 *1, *1 (N.D. Oh. Jan. 26, 2015) (disallowing recovery of *pro hac vice* filing fee

5

in Equal Access to Justice case). In her reply, Koffarnus did not respond to the government's objection. Therefore, the Court will deduct 0.5 hours from the attorney hours, 0.35 from the paralegal/associate hours, $465 for assistance from the Grabhorn Law Office in filing the *pro hac vice* motion, and $35 for the *pro hac vice* filing fee.

The government does not object to applying a cost of living adjustment of four percent to the statutory rate. Def.'s Resp. Opp. 12. Applying a four percent cost of living adjustment to the $125 statutory rate results in an enhanced rate of $130 per hour. Deducting 0.5 hours for drafting the *pro hac vice* motion results in 24.25 hours of attorney work. Therefore, 24.25 hours of attorney work at a rate of $130 per hour results in an attorney fee award of $3,152.50.

The Court will award Koffarnus $3,152.50 in attorney fees.

    2. Paralegal/associate fees and costs

Koffarnus asks for a $125 per hour rate for paralegal/ associate work. She provides no evidence or argument to support this rate, and it is her burden to do so.

The United States proposes a rate of $94 per hour for paralegal/associate work. Def.'s Resp. Opp. 12. The United States averaged three paralegal rate cases to reach its $94 per hour proposed paralegal/associate rate. *Id.* The Court will adopt the United States' proposed rate of $94 per hour for paralegal/associate work. Deducting 0.35 hours for revising the *pro hac vice* motion results in 5.4 hours of paralegal/associate work. Therefore, 5.4 hours of paralegal/associate work at a rate of $94 per hour results in a paralegal/associate fee award of $507.60.

The Court will award Koffarnus $507.60 for paralegal/associate fees. Altogether, the Court will award Koffarnus $3,660.10 in fees.

The United States did not object to an award of costs for service of process. Deducting the $465 cost from the Grabhorn Law Office for assistance in filing the *pro hac vice* motion and deducting the $35 *pro hac vice* filing fee results in a cost award of $330.00. The Court will award Koffarnus $330.00 in costs under the Equal Access to Justice Act.

III.  Conclusion

The Court will award Koffarnus $3,660.10 in fees under the Equal Access to Justice Act. The Court will award $330.00 in costs under the Equal Access to Justice Act, for a total award of $3,990.10. The Court will deny Koffarnus's alternative motion for post-trial discovery.

The Court will enter an order in accordance with this opinion.

June 7, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**